**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No.95-40330
Summary Calendar

TIMOTHY A. AGUILAR,

Plaintiff-Appellant,

versus

JAMES A. SHAW, JR., Warden; FNU TILLERY,
Captain; FNU GIDDENS, Captain; JOHN DOE;
UNIDENTIFIED FOX; DONALD CHASTAIN; RICKY
JONES,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(6:94-CV-1042)

(September 12, 1995)

Before POLITZ, Chief Judge, DAVIS and EMILIO M. GARZA, Circuit
Judges.

PER CURIAM:[*]

Timothy A. Aguilar, a Texas state prisoner, appeals a
magistrate judge's order denying his requests for preliminary
injunctive relief in his section 1983 suit. Finding no error we

Local rule 47.5 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

affirm.

## Background

Aguilar invoked 42 U.S.C. § 1983, *pro se* and *in forma pauperis*, alleging that several prison administrators and guards conspired to subject him to disciplinary sanctions and additional criminal culpability. Baker asserts that this conspiracy, a retaliation for his writ-writing activities on behalf of other inmates, is manifested by the filing of falsified disciplinary reports, several harassing searches of his cell, an attempt by prison guards to plant marihuana in his cell, and denying him permission to render telephonic legal assistance to other inmates.

Ancillary to his primary lawsuit, Aguilar filed several motions seeking preliminary injunctive relief against what he portrayed as an escalating pattern of retaliation. The magistrate judge, final arbiter by consent under 28 U.S.C. § 636(c), denied Aguilar's requests for injunctive relief. Aguilar appealed this decision, formally moving the court to expedite his appeal.

## Analysis

Before a preliminary injunction may issue the trial court must find that there exists (1) a substantial likelihood of success on the merits, (2) a substantial threat that failure to grant the injunction will result in irreparable injury, (3) that the threatened injury outweighs any damage that the injunction might cause to the opposing party, and (4) that the injunction will not

2

disserve the public interest.[1]  "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish <u>any</u> <u>one</u> of the four criteria."[2]  The magistrate judge's determinations present a mixed question of law and fact; we review findings of fact for clear error and legal conclusions *de novo*.

In denying Aguilar's motions[3] the trial court found, *inter alia*, that Aguilar failed to demonstrate a substantial threat of irreparable injury if the injunction was not granted.  We agree.

Aguilar hints in his brief and in several earlier pleadings that he fears that his life may be in danger.  In his allegations he has failed, however, to associate this premonition of doom to any specific statement or action attributable to any prison official.  Such mere conclusional allegations fail to state a substantial threat of injury.

Aguilar also claims that in the absence of a preliminary injunction prison guards, while conducting future searches of his cell, might alter or destroy his legal materials, effectively undermining his ability to provide legal assistance to fellow

---

**Lakedreams v. Taylor**, 932 F.2d 1103 (5th Cir. 1991) (citation omitted).

**Black Fire Fighters Ass'n v. City of Dallas, Tex.**, 905 F.2d 63, 65 (5th Cir. 1990) (emphasis in original) (citation omitted).

We elect to consider the trial court's judgments *in globo* because in each of his three motions Aguilar requested essentially the same relief, <u>i.e.</u> a preliminary injunction against further retaliatory action by the defendants.

inmates.[4]  The magistrate judge concluded that there was no likelihood that the harassing searches of Aguilar's cell were likely to be repeated and therefore no substantial threat of injury existed.  Aguilar has made only one allegation concerning damage to his legal materials, specifically that during an October search of his cell a page of one of his legal briefs was torn out and "crumpled."  Our review of the record reveals no clear error in the magistrate judge's finding in this regard.

Aguilar next asserts that the actions of the prison officials place him in danger of losing good time credits or suffering an additional criminal conviction, both of which would serve to lengthen his period of incarceration.  In his complaint, however, he avers that he currently is serving a 25-year sentence which began in June of 1993.  Even assuming a maximum good time allowance, it is beyond peradventure to expect that Aguilar will not be eligible for release from custody prior to the resolution of his case.  Any potential injury would therefore not occur until after final judgment.  Under those circumstances, a preliminary injunction is not warranted.

Finally, Aguilar suggests that if the conspiracy succeeds he may lose his privileged status as a trustee.  Even if we were to consider the loss of such privileges a "harm," Aguilar has failed to show why such an injury could not be remedied by a damages award, the usual remedy when appropriate in such cases, with

_____

We do not address in this opinion whether Aguilar's writ-writing activities on behalf of fellow inmates are constitutionally protected.

4

permanent injunctive relief.  Stripped to essentials, Aguilar has failed to demonstrate the irreparable nature of any threatened harm.

The magistrate judge did not err in denying Aguilar's motions. Aguilar's motion to expedite his appeal is denied as moot.

The judgment of the magistrate judge is AFFIRMED.